The TEXAS DEPARTMENT OF PUBLIC
SAFETY, et al., Appellants,

v.

Robert STAPLES, Jr., and Mary
Ann Brannon, Appellees.

No. 01–93–01142–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1994.

Rehearing Denied Sept. 15, 1994.

Dan Morales, Jorge Vega, Delmar L. Cain, Peter B. Plotts, III, Austin, for appellants.

John C. Cardenas, Houston, W. Stephen Scott, Pasadena, for appellees.

Before HUTSON–DUNN, COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

Robert Staples, Jr. and Mary Ann Brannon sued the State of Texas, the Texas Department of Public Safety, and its employee, John Gordon Leake ("the State") for injuries from an automobile accident. Brannon was a passenger in Staples' car; Leake was driving a vehicle in the course of his employment. The jury found that Staples was 90 percent responsible for the collision [1] and that appellants were 10 percent responsible. No responsibility was found against Brannon. Brannon's damages totalled $59,600. The judgment awarded Brannon 100 percent of her damages against the State, despite the jury's finding that the State was only 10 percent responsible for causing the damages.

The question in this case is whether appellants have to pay 100 percent of Brannon's damages even though they were only 10 percent responsible for causing those damages. We hold that appellants do not have to do so. Therefore, we reform the judgment to state that Brannon collect only 10 percent of her damages from appellants. As so reformed, we affirm.

■ In their first point of error, appellants contend that the judgment against them should be for 10 percent of Brannon's damages rather than 100 percent. They rely on TEX.CIV.PRAC. & REM.CODE ANN. § 33.013 (Vernon Supp.1994), which provides:

(a) Except as provided in Subsections (b) and (c), a liable defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury,

---

1. Brannon did not sue Staples, and the State did not sue Staples for contribution.

property damage, death, or other harm for which the damages are allowed.

(b) Notwithstanding Subsection (a), each liable defendant is, in addition to his liability under Subsection (a), jointly and severally liable for the damages recoverable by the claimant under Section 33.012 with respect to a cause of action if:

(1) the percentage of responsibility attributed to the defendant is greater than 20 percent; and

(2) only for a negligence action pursuant to Section 33.001(a) or (c), the percentage of responsibility attributed to the defendant is greater than the percentage of responsibility attributed to the claimant.

(c) Notwithstanding Subsection (a), each liable defendant is, in addition to his liability under Subsection (a), jointly and severally liable for the damages recoverable by the claimant under Section 33.012 with respect to a cause of action if:

(1) no percentage of responsibility is attributed to the claimant and the percentage of responsibility attributed to the defendant is greater than 10 percent; ...

Subsections (b) and (c) are exceptions to the general rule in subsection (a); they allow a defendant in specified circumstances to be liable for more damages than the percentage of responsibility found by the trier of fact.

Appellants argue that because the jury found their percentage of responsibility was 10 percent, they are liable under section (a) for only 10 percent of the damages. Further, they argue, since their responsibility did not exceed 10%, they cannot be liable under section (c) for any greater percentage of the total damages. We agree.

In *C & H Nationwide v. Thompson*, 37 TEX.SUP.CT.J. 1059, 1063 n. 4, 1994 WL 278167 (June 22, 1994), the supreme court held that if a defendant's percentage of responsibility was not greater than 10 percent, the defendant "therefore falls below the lowest applicable statutory threshold for joint and several liability." The court relied, as we do, on TEX.CIV.PRAC. & REM. CODE ANN.

§ 33.013(c)(1) (Vernon Supp.1994). We conclude that the statute and the holding in *C & H Nationwide* control this case.

The dissenting opinion declares that Brannon may recover "all" of her damages because her percentage of responsibility was zero. This statement is true, but it begs the question. The issue here is not whether Brannon may recover "all" of her damages. Certainly, she can—Brannon's damages may not be reduced under our comparative negligence statutes for the simple reason that she was not negligent. That does not mean, however, that she can recover "all" of her damages from any defendant, no matter what its level of responsibility may be. A defendant who caused only 10 percent of Brannon's damages does not have to pay "all" of Brannon's damages. Otherwise, Section 33.-013(c) would nullified.

The dissenting opinion discusses TEX.CIV. PRAC. & REM. CODE ANN. § 33.016 (Vernon Supp.1994), which defines the term "contribution defendant" and assesses liability among contribution defendants. We believe that section 33.016 does not affect this case. Section 33.016(a) defines "contribution defendant" as "any defendant, counter-defendant or third-party defendant from whom any party seeks contribution ... but from whom the claimant seeks no relief at the time of submission." Here, there are no contribution defendants; no party sought contribution from any defendant, counter-defendant, or third-party defendant.

Finally, the dissenting opinion distinguishes the *C & H Nationwide* case because there was more than one defendant in that case. There is more than one defendant in this case. The judgment is rendered jointly and severally against John Gordon Leake, the State of Texas, and the Texas Department of Public Safety.[2]

We sustain point of error one.

██ Under point of error two, appellants argue that the trial court erred by assessing 100 percent of the court costs against them. TEX.R.CIV.P. 131 provides: "The successful

2. Of course, these defendants are all in privity with one another. The Department of Public Safety is a state agency that employed Mr. Leake.

Even so, we doubt that section 33.016 affects the result here.

party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Brannon was successful against appellants, but appellants were successful against Staples. Therefore, we reform the judgment to award 10 percent of the costs against appellants and 90 percent against Staples.

We sustain point of error two.

The judgment is reformed to award 10 percent of total damages and costs against appellants and 90 percent of the total costs against Staples. As so reformed, the judgment is affirmed.

HUTSON–DUNN, Justice, dissenting.

I dissent.

In their first point of error, appellants contend that the judgment against them should be for 10 percent of Brannon's damages rather than 100 percent. After viewing the comparative responsibility statutes as a whole, I disagree.

TEX.CIV.PRAC. & REM. CODE ANN. § 33.001(a) (Vernon Supp.1994), states, "In an action to recover damages for negligence resulting in personal injury, ... a claimant may recover damages only if his percentage of responsibility is less than or equal to 50 percent." Therefore, Brannon may recover because her percentage of responsibility was zero.

TEX.CIV.PRAC. & REM. CODE ANN. § 33.012(a) (Vernon Supp.1994), states, "If the claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a course of action by a percentage equal to the claimant's percentage of responsibility." Brannon may recover all of her damages because her percentage of responsibility was zero.

TEX.CIV.PRAC. & REM. CODE ANN. § 33.003 (Vernon 1994), is entitled "Determination of Comparative Responsibility." It states, "The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility with respect to: (1) each claimant; (2) each defendant; and (3) each settling person."

TEX.CIV.PRAC. & REM. CODE ANN. § 33.016 (Vernon Supp.1994), states:

(a) In this section, "contribution defendant" means any defendant, counterdefendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission.

(b) Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party may assert this contribution right against any such person as a contribution defendant in the claimant's action.

(c) The trier of fact shall determine as a separate issue or finding of fact the percentage of responsibility with respect to each contribution defendant and these findings shall be solely for purposes of this section and Section 33.015 and not as a part of the percentages of responsibility determined under Section 33.003. Only the percentage of responsibility of each defendant and contribution defendant shall be included in this determination.

Section (a) of this statute makes Staples a potential contribution defendant because Brannon did not seek relief from him at the time of submission. Under section (b), appellants had the right to a jury finding on the percentage of liability of Staples in this action if he had been joined as a contribution defendant. They could have named Staples as a contribution defendant and obtained a jury issue concerning contribution. This section appears to call for separate issues on contribution and comparative liability. TEX. CIV.PRAC. & REM. CODE ANN. § 33.016(c) (Vernon Supp.1994).

TEX.CIV.PRAC. & REM. CODE ANN. § 33.017 (Vernon 1986), which stated that all claims of contribution must be determined in the primary suit has been repealed. Since there is no longer a rule that a defendant must bring in all potentially liable defendants at the time of the plaintiff's original suit, appellants may still have the right to bring a contribution

suit against Staples. I do not address that issue here today.

Appellants argue that TEX.CIV.PRAC. & REM. CODE ANN. § 33.013(a) (Vernon Supp.1994), is clear and unambiguous and that we must follow it precisely. They cite *C & H Nationwide v. Thompson*, 37 Tex.Sup.Ct.J. 1059, 1063 n. 4 (June 22, 1994), stating that the supreme court construed this statute in accordance with its plain language. Nevertheless, when we look at the entire statute, including sections (b) and (c) it is apparent that this statute is only applicable when there is more than one defendant. The statute establishes the rules for liability for joint and several liability and the basis for contribution rights. *Thompson* is distinguishable because there was more than one defendant with whom liability could be found joint and several involved in the case. *Id.* at 149. In actuality in this case, there is only one defendant as Leake is an employee of the State putting them in privity with one another. I have been unable to find a case that applied this statute to a case where there is only one defendant.

I would overrule point of error one.

Under point of error two, appellants argue that it was error for the trial court to assess all of the costs against them. As I would affirm the judgment awarding Brannon 100 percent of her damages from appellants, I would also hold that 100 percent of the costs should be assessed against appellants.

I would overrule point of error two.

I would affirm the judgment.

COHEN and O'CONNOR, JJ., also sitting.